[No. 5138.]
[No. 2729 C. A.]

THE CITY OF FORT COLLINS V. DIANA YETTER.

Cities and Towns—Defective Streets—Injuries to Traveler—Contributory Negligence—Appellate Practice.

Plaintiff, a woman of sixty years of age, was riding during the daytime with a small boy on his calls with a vegetable wagon. While he was absent and plaintiff was holding the lines, the horse started abruptly and with some speed across the street. Plaintiff tried to check the horse, turn him around, and drive him back to the starting point. In doing so, a wheel dropped into a section of the street about six feet wide, extending along the opposite side thereof, which, when grading, had been left about ten inches lower than the main part of the street, and the wagon was overturned and plaintiff received serious injuries. She had not seen, nor did she otherwise know of, the condition of the street. Held, that it cannot be said that minds could not reasonably and honestly differ upon the evidence in the record as to whether the plaintiff was guilty of such contributory negligence as to preclude a recovery; and, this being true, the verdict will not be disturbed on appeal.—P. 88.

*Appeal from the District Court of Larimer County.*

*Hon. Christian A. Bennett, Judge.*

Action by Diana Yetter against the city of Fort Collins. From a judgment for plaintiff, defendant appeals.                                   *Affirmed.*

Mr. GEO. W. BAILEY, for appellant.

Mr. FRANK J. ANNIS, for appellee.

Mr. JUSTICE GUNTER delivered the opinion of the court:

This was an action to recover damages for personal injuries sustained through an accident due to a defect in a street of defendant. The plaintiff had a verdict and judgment.

In grading the street, a section thereof about six feet wide, extending along its northerly side, had been left about ten inches lower than the main part of the street. The fall of this lower section was abrupt. Plaintiff, a woman sixty years of age, was riding with a small boy on his calls with a vegetable wagon. The wagon stopped on the southerly side of the street and the boy made a call, and, while he was absent and defendant was holding the lines, the horse started abruptly and with some speed across the street. Plaintiff attempted to check the horse, turn him and drive back to the starting point. In the course of this, a wheel dropped into the lower section of the street, and the wagon was overturned and plaintiff sustained serious injuries. She had not seen, nor did she know otherwise of, the condition of the street. The happening was in the daytime. There was evidence of the unsafe condition of the street and that defendant was guilty of negligence in its being so. The condition of the street was proximately the cause of plaintiff's injuries. The award, considering the extent of plaintiff's injuries, was quite small. The main question below was, and the only serious one here is, whether plaintiff was guilty of such contributory negligence as to bar a recovery. Defendant strenuously contends that she was. The jury was better situated to understand the evidence, apply it and draw correct conclusions from it than we are. We cannot say that minds could not reasonably and honestly differ upon the evidence in the record as to whether the plaintiff was guilty of such contributory negligence as to preclude a recovery. This being true, we must accept the verdict. There is no serious contention that prejudicial error was committed in the rulings of the court on the exclusion or admission of testimony. The instructions fairly submitted the questions of fact, and especially the one as to which

there was any serious question—that of contributory negligence.

Judgment affirmed.                    *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE MAX-WELL concurring: